### CASON v. GOLDSBERRY BROS., Inc., et al.
### No. 2322.

Court of Civil Appeals of Texas. Beaumont.
Oct. 11, 1933.

Rehearing Denied Oct. 25, 1933.

J. J. Collins, of Lufkin, and Hodges & Greve, of Nacogdoches, for appellant.

Seale & Thompson, of Nacogdoches, for appellees.

COMBS, Justice.

This action was brought in the district court of Nacogdoches county, Tex., against Goldsberry Bros., Inc., a domestic private corporation domiciled in Nacogdoches county, Tex., by D. K. Cason, as plaintiff, alleging the execution of a certain lease contract for a tract of land owned by plaintiff, the breach of said contract by said Goldsberry Bros., Inc., and the damages resulting to plaintiff therefrom, for which recovery was sought; and the petition contains a count in the alternative against Joe Goldsberry and Frank Goldsberry, as individuals, seeking damages for fraudulent misrepresentations, in the event it should be held for any reason that the lease contract was not binding on the corporation. To plaintiff's petition each of the defendants urged a demurrer, which was sustained by the court, and, plaintiff declining to amend, the cause was thereupon dismissed; to which action of the court plaintiff duly excepted, and from which judgment he has prosecuted this appeal.

We gather from the pleadings that Goldsberry Bros., Inc., is a wholesale concern incorporated under subdivision 40 of article 1302, Rev. St. 1925; that said corporation, acting through Joe Goldsberry and Frank Goldsberry, entered into a lease contract with the plaintiff when they leased certain lots in the town of Nacogdoches for the purpose of constructing thereon a building and to operate a "Clarence Saunders store," a retail establishment; that, after the making of the contract, they declined to go through with it, and the plaintiff sued for the loss of his prospective rentals under the lease.

From the briefs of the parties, we gather that the trial court sustained the demurrers on the theory that the lease contract was entered into by Goldsberry Bros., Inc., with the intention of conducting a retail business apart and a separate establishment from its wholesale business, and is therefore ultra vires and void. See subdivision 40, art. 1302, R. S. 1925. The pleadings simply allege the making of a lease contract and its breach by the defendant Goldsberry Bros., Inc. The contract itself is not set out in the pleadings. Assuming that a contract made by a wholesale concern for the lease of property upon which it intended to operate a retail store, separate and apart from its wholesale business, would be ultra vires, which question we do not pass upon, there is nothing in the pleadings before us which indicate that Goldsberry Bros., Inc., leased the plaintiff's property with the intention of conducting a retail business separate and apart from its wholesale establishment. The petition was good on general demurrer.

The trial court properly sustained the demurrer of the individual defendants Frank Goldsberry and Joe Goldsberry. If there was any invalidity in the contract which they, as officers, entered into with the plaintiff on behalf of the corporation, it arises from the fact that the statute does not authorize a wholesale corporation to make such a contract. This was purely a question of law, which plaintiff was in position to know as much about as the defendants were. We think the trial court properly sustained the demurrer of Joe Goldsberry and Frank Goldsberry.

For the errors discussed, the judgment of the lower court is reversed, and this cause remanded as against the appellee Goldsberry Bros., Inc., but as to the other appellees the judgment is affirmed.

On Rehearing.

In its motion for rehearing Goldsberry Bros., Inc., vigorously attack our holding to the effect that plaintiff's petition does not show that it leased the property in question with the intent of conducting a retail business, separate and apart from its wholesale establishment. In support of its contention that plaintiff's petition does show such purpose and intent, it quotes from paragraphs 2 and 5 thereof the following: "That heretofore, to-wit; on November 9, 1928, plaintiff, D. K. Cason and the defendant, Goldsberry Brothers, Inc., made and entered into a certain contract, by virtue of the terms of which the defendant, Goldsberry Brothers, Inc., contracted with the plaintiff to lease a tract of real estate situated in the city of Nacogdoches, Nacogdoches County, Texas, and being a lot situated at the corner of North and Hospital Streets in said city of Nacogdoches, and being a part of the old L. Zeve homestead lot, beginning at the corner curb of Hospital Street and extending Fifty-two (52) feet therefrom with the curb on North Street by the depth of said lot; upon which said lot the plaintiff, D. K. Cason contracted and agreed to construct a certain brick building according to certain plans and specifications described in said lease, which property was to be occupied by the defendant, Goldsberry Brothers, Inc., and used by them in conducting therein a retail grocery store, to be known as a 'Clarence Saunders' store. * * * That the character of business for which said property was leased and which the defendant, Goldsberry Brothers, Inc., contracted and obligated themselves to conduct on said property, was what is known as a 'Clarence Saunders retail grocery store.' "

This court did not, as suggested by appellee, overlook this portion of the pleadings. The quoted portion of the petition simply shows that Goldsberry Bros., Inc., intended to operate a retail store on the leased prem-

ises. It does not affirmatively show, nor does any other part of the petition show, that, after the opening of the retail store, it would operate its wholesale store separate and apart from it. As pointed out in the original opinion, the lease contract is not before us. For aught the petition shows, the contract itself may have fully authorized Goldsberry Bros., Inc., to have condúcted its wholesale business in connection with the retail store. But, even if it did not, certainly no one but the plaintiff, the lessor, could have objected, had it attempted to so operate its wholesale business.

■ The only question before us is the sufficiency of plaintiff's petition to state a cause of action. It is elementary that as against a general demurrer every reasonable intendment is indulged in favor of the sufficiency of the pleading. Even if it be conceded that the leasing of a piece of property by a wholesale concern with the purpose and intent of operating on it a retail store, separate and apart from its wholesale establishment, would render the lease contract void, which point is not before us, still the court would not be authorized to read into plaintiff's petition in this case, by mere implication or inference, an intent on the part of Goldsberry Bros., Inc., to engage in business in violation of the law.